## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH GRIFFIN, #Y33377, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-01685-MAB |
| | ) | |
| DANIEL MONTI and | ) | |
| ALLAN NOLLMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Joseph Griffin[1] is an inmate in the Illinois Department of Corrections and is currently incarcerated at Centralia Correctional Center. Griffin filed this action pursuant to 42 U.S.C. § 1983, after being denied the opportunity to sing in the prison choir based on the inmate's transgender status. Griffin seeks money damages and injunctive relief, in the form of an order requiring prison officials to allow LGBTQ+ inmates to participate in the prison's choir.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.[2] Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(a)-(b).

---

[1] Plaintiff identifies as transgender but does not disclose a preferred pronoun. For now, the Court will simply refer to Plaintiff as "Griffin."

[2] The Court has jurisdiction to screen the Complaint in light of Griffin's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

## THE COMPLAINT

The Complaint sets forth the following allegations (Doc. 1, p. 5-6, 9): Griffin is a transgender inmate who asked Centralia's chaplain for permission to participate in the prison's choir in July 2022. According to Griffin, Chaplain Nollman denied the request and explained that he did so because Griffin "identif[ies] as trans." *Id*. Griffin filed a grievance to complain of discrimination based on gender on or around July 21, 2022, and an internal affairs officer interviewed Griffin the next day. In a grievance response dated October 12, 2022, the grievance officer agreed that Griffin was the subject of discrimination. Griffin forwarded the grievance to the administrative review board (ARB) before filing this lawsuit seeking money damages and an order requiring prison officials to grant LGBTQ+ inmates permission to sing in the prison's choir. *Id*.

Based on the allegations, the Court designates the following claim in the *pro se* Complaint:

Count 1:    Fourteenth Amendment claim against Warden Monti and Chaplain Nollman for denying Griffin's request to participate in the prison's choir because of Griffin's transgender status in July 2022.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

## DISCUSSION

The Fourteenth Amendment Equal Protection Clause provides that "all persons similarly situated should be treated alike" and guards against "intentional and arbitrary

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

discrimination." *Tay v. Dennison*, 457 F. Supp. 3d 657, 684 (S.D. Ill. 2020) (*Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1050 (7th Cir. 2017)). The amendment prohibits state actors from drawing distinctions between inmates based on membership in a "suspect" or "protected" class. *Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 712 (7th Cir. 2002). When conduct is aimed at a member of a protected class, heightened or intermediate scrutiny applies to the government conduct. *Whitaker*, 858 F.3d at 1050. The United States Supreme Court and Seventh Circuit Court of Appeals have not yet determined whether transgender persons are part of a protected class. *Whitaker*, 858 F.3d at 1050. But, even when "disparate treatment is not based on a suspect class and does not affect a fundamental right," a prison official's conduct must nevertheless be rationally related to a legitimate penological interest. *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). An inmate who is not in a suspect class can bring a "class of one" claim by setting forth allegations showing that he or she was intentionally treated differently from other similarly situated persons without any rational basis for the different treatment. *Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013). According to the allegations, Chaplain Nollman denied Griffin participation in the prison choir based solely on the inmate's transgender status. Accepting Griffin's allegations as true, which the Court must at this stage, Count 1 therefore survives screening as a Fourteenth Amendment equal protection claim and/or class-of-one claim against Chaplain Nollman.

However, Griffin's allegations do not implicate Warden Monti in any decision to exclude the inmate from the choir, so this claim will be dismissed without prejudice

against the warden in his individual capacity. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) ("[Section] 1983 does not allow actions against individuals merely for their supervisory role of others."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation."). However, Warden Monti is the current warden of Centralia Correctional Center and shall remain named as a defendant in an official capacity based on the request for injunctive relief[4] made in the Complaint.

## DISPOSITION

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendant **ALLAN NOLLMAN**, in an individual capacity, but **COUNT 1** is **DISMISSED** without prejudice against **DANIEL MONTI**, in an individual capacity, for failure to state a claim. Because Griffin seeks an injunction, the **CURRENT WARDEN OF CENTRALIA CORRECTIONAL CENTER (currently Daniel Monti)** will remain named as a defendant in an official capacity to implement any injunctive relief ordered herein.

The Clerk shall prepare for Defendants **CURRENT WARDEN OF CENTRALIA CORRECTIONAL CENTER DANIEL MONTI (official capacity only)** and **ALLAN NOLLMAN (individual capacity only):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk

---

[4] Griffin seeks an Order requiring the prison to allow LGBTQ+ inmates to participate in the prison choir. Because Griffin makes no reference to a temporary restraining order or preliminary injunction or to Rule 65(a) or (b) of the Federal Rules of Civil Procedure, the Court interprets this request as one for permanent injunctive relief at the close of the case. Should Griffin seek more immediate relief, Griffin may file a separate "Rule 65 Motion for TRO and/or Preliminary Injunction" at any time during the pending action.

is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Griffin. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Griffin, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant Nollman is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant Nollman need only respond to the issues stated in this Merit Review Order**. **The Current Warden of Centralia Correctional Center (Warden Monti) need only appear in this matter and is not required to file an answer.**

Griffin is **ADVISED** that if judgment is rendered against the plaintiff and the judgment includes the payment of costs under 28 U.S.C. § 1915, Griffin will be required to pay the full amount of the costs, even though the plaintiff was granted *in forma pauperis*

status. *See* 28 U.S.C. § 1915(f)(2)(A).

Griffin is further **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in their address; the Court will not independently investigate the plaintiff's whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: October 31, 2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**